UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIE BENTLEY, JR.,

Plaintiff,

v.

STRONG MEMORIAL HOSPITAL and
DEPARTMENT OF PUBLIC SAFETY,

Defendants.

**DECISION AND ORDER**

6:25-CV-06301 EAW

## INTRODUCTION

*Pro se* plaintiff Willie Bentley, Jr. ("Plaintiff") brings this discrimination action against defendants Strong Memorial Hospital and Department of Public Safety ("Defendants"), alleging that he was discriminated against by hospital staff.[1] Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to timely serve the complaint and pursuant to Rule 12(b)(6) for failure to state a claim. (Dkt. 4). For the following reasons, Defendants' motion to dismiss based on untimely service is denied, but the motion is granted pursuant to Rule 12(b)(6) with leave to replead.

[1] Defendants' motion papers contend that the University of Rochester is the proper entity to be sued, rather than Strong Memorial Hospital and the Department of Public Safety. (Dkt. 4 at 1; Dkt. 5 at 4).

## BACKGROUND

The following facts are taken from Plaintiff's complaint. (Dkt. 1). As required at this stage of the proceeding, the Court treats Plaintiff's well-pleaded allegations as true.[2]

Shortly after Plaintiff's mother passed away at Strong Memorial Hospital, he asked the doctor to leave her remains in the patient room because other family members were coming to the hospital to say a final goodbye. (*Id.* at 9). When the other family members arrived at the hospital, Plaintiff went to meet and escort them to the room. (*Id.*). As Plaintiff returned to the room, a hospital social worker informed him and the other family members that his mother's body had been transported to the morgue. (*Id.*). While Plaintiff discussed the possibility of taking the family members to see his mother's remains at the morgue, another hospital staff member brought two public safety officers to Plaintiff. (*Id.*). One of the officers shoved Plaintiff onto a chair and "proceed[ed] to punch [him] in the face numerous times." (*Id.*). The other public safety officer did not interfere to stop the officer punching Plaintiff. (*Id.* at 10). Plaintiff was arrested and charged with disorderly

[2] Plaintiff attached several documents to his complaint, including photographs of himself (Dkt. 1 at 7-8), a witness statement (*id.* at 15-16), a certificate of disposition related to his criminal charges (*id.* at 17), an incident report from the Rochester Police Department (*id.* at 18-19), his appearance ticket (*id.* at 20), the information/complaint related to his disorderly conduct, resisting arrest, and harassment charges, and supporting deposition (*id.* at 21-24). As these documents were filed with the complaint, the Court may consider them in connection with Defendants' motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). But Plaintiff also submitted a USB drive containing video footage from security cameras in Strong Memorial Hospital (*see* Dkt. 8) that the Court cannot consider because those videos are neither incorporated by reference nor integral to the complaint.

conduct, resisting arrest, and harassment in the second degree. (*Id.* at 10, 21-23). Each of the charges were eventually dismissed. (*Id.* at 17).

On June 10, 2025, Plaintiff filed the complaint alleging Defendants discriminated against him and sought an order directing the U.S. Marshals Service to serve the summons and complaint. (Dkt. 1; Dkt. 2). Before the Court resolved the motion for service, Plaintiff served the summons on Defendants on November 6, 2025. (Dkt. 3). Defendants then moved to dismiss the complaint. (Dkt. 4). Plaintiff filed his opposition to the motion to dismiss (Dkt. 7; Dkt. 8) and Defendants submitted a reply (Dkt. 9). The Court thereafter denied Plaintiff's motion for service as moot because service had been effectuated. (Dkt. 10).

## **DISCUSSION**

### I. **Legal Standards**

#### A. Failure to Timely Serve the Complaint

A party may move to dismiss a complaint due to inadequate service or process pursuant to Federal Rule of Civil Procedure 12(b)(5). "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 Fed. App'x. 202, 203 (2d Cir. 2010). "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F.Supp.2d 382, 387 (S.D.N.Y. 2002). "If

service of process was not sufficient, the Court has discretion to dismiss the action, but dismissal is not mandatory." *Id.*

**B. Failure to State a Claim**

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). This consideration also includes "documents upon which the complaint relies and which are integral to the complaint." *Subaru Distributors Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). A court should evaluate the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

## II. Analysis

### A. Failure to Timely Serve the Complaint

Defendants argue that the complaint should be dismissed because Plaintiff failed to serve the complaint within the time provided in Fed. R. Civ. P. 4(m). (Dkt. 5 at 6-7). While Plaintiff did not strictly adhere to the 90-day timeline provided in Rule 4(m), the Court finds that Plaintiff had good cause for the delay and grants an extension of time *nunc pro tunc*. Defendants' motion to dismiss for untimely service is accordingly denied.

Rule 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432-33 (S.D.N.Y. 2016) (quoting *Vantone Grp. Ltd. Liab. Co . v. Yangpu Ngt Indus. Co.*, No. 13CV7639-LTS-FM, 2016 WL 3926449, at *2 (S.D.N.Y. July 15, 2016)). The Second Circuit has held that "district courts have discretion to grant extensions even in the absence of good cause." *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

On the same day Plaintiff filed his complaint, he also submitted a motion requesting the Court direct the U.S. Marshals Service to serve the summons and complaint on his

behalf. (Dkt. 2).[3] While the motion was pending, Plaintiff served Defendants with the summonses on November 6, 2025. (Dkt. 3). The executed summonses filed with the Court do not indicate that the complaint was also served but Defendants acknowledge that copies of the complaint were included with the summonses. (Dkt. 5 at 7). Although service of the summonses and complaint did not fall within the 90-day period provided by Rule 4(m), Plaintiff diligently acted to serve the summonses on his own while his motion for service was pending. Plaintiff argues as much in his opposition to the motion. (Dkt. 7 at 12 ("[Plaintiff] originally did want the U.S. Marshal to [perform] the service but to[o] much time was going by.")). Defendants timely responded by filing a motion to dismiss and they do not argue in their motion that they were prejudiced due to the late service. The Court therefore grants Plaintiff an extension of time to serve the summons and complaint *nunc pro tunc* and accordingly denies Plaintiff's motion to dismiss pursuant to Rule 12(b)(5).

**B. Failure to State a Claim**

Defendants also argue that Plaintiff's complaint fails to state a claim for discrimination. (Dkt. 5 at 7-12). The Court agrees that the complaint does not state a claim for discrimination, but grants Plaintiff leave to file an amended complaint in an attempt to cure the deficiencies identified herein.

---

[3] Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." A court must order such a request "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915." Fed. R. Civ. P. 4(c)(3). Although Plaintiff is proceeding *pro se*, he is not proceeding in forma pauperis, and therefore whether to order service by the U.S. Marshals is within the Court's discretion.

**1. Discrimination**

The complaint generally lacks specific allegations pertinent to Plaintiff's discrimination claim, but he identifies "discrimination" as the basis for federal court jurisdiction. (*See* Dkt. 1 at 4). Defendants address Plaintiff's discrimination claim as brought pursuant to 42 U.S.C. § 1981 and based on the allegations in the complaint, the Court also construes Plaintiff's discrimination claim as asserted under that statute. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). "[U]nder Section 1981, the plaintiff must establish that (1) he or she was a member of a racial minority, (2) the defendant intentionally discriminated against the plaintiff based on race, and (3) the discrimination concerned one of Section 1981's enumerated activities." *Minto v. Molloy Univ.*, 715 F. Supp. 3d 422, 431 (E.D.N.Y. 2024) (citing *Silva v. Farrish*, 47 F.4th 78, 90 (2d Cir. 2022)). "[A] plaintiff must . . . plead . . . that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 341 (2020).

Plaintiff does not directly allege that he is a member of a racial minority, but the Rochester Police Department incident report attached to the complaint indicates that his complexion is "black," and he appears African American in the pictures attached to the complaint. (Dkt. 1 at 7-8, 18). But Defendants argue that Plaintiff's claim must be

dismissed because he fails to allege that any action taken by Strong Memorial Hospital staff or Department of Public Safety officers was due to Plaintiff's race. (Dkt. 5 at 8-14).[4] The Court agrees.

Plaintiff alleges that Strong Memorial Hospital staff prevented him and his family from "say[ing] [their] last goodbyes" to Plaintiff's mother after she passed away at the hospital. (Dkt. 1 at 3-4). The Court agrees with Defendants that "there are simply no allegations . . . to support that Plaintiff was refused access to his mother's remains due to his race." (Dkt. 5 at 9). Defendants also argue that Plaintiff fails to allege that any of the other actions taken by hospital staff or the public safety officers, including retrieving a public safety officer, the force used by the officer, and the brief detention and charges brought by the officer, were taken because of Plaintiff's race. (*Id.* at 10-12). Indeed, the complaint does not tie any of these actions to Plaintiff's race. Although Plaintiff argues in his opposition that he "feel[s] as if [he] was a white man this would have never happened," (Dkt. 7 at 5), this is insufficient to state a claim for discrimination as he does not identify his race as the but-for cause for any discriminatory action. Accordingly, Defendants' motion to dismiss the discrimination claim is granted.

**2. Other Potential Claims**

While the allegations pertaining to a discrimination claim are sparse, the complaint appears to indicate an intent to assert state-law claims for assault and battery, false arrest,

---

[4] It is also unclear whether Plaintiff alleges that the discrimination concerned one of § 1981's enumerated activities. But Defendants do not move to dismiss on that basis, so the Court need not address it further.

and malicious prosecution. The narrative portion of Plaintiff's second claim alleges that a hospital security officer "grabbed [Plaintiff] with force and pushed [him] down into chairs with force and started giving [him] a beat down [and] punching [him] on the left side of [his] face numerous times." (Dkt. 1 at 4). Plaintiff also alleges the officer "put false charges on [him]." (*Id.*). Indeed, Plaintiff was given an appearance ticket (*id.* at 20) and the Certificate of Disposition indicates his resisting arrest, disorderly conduct, and harassment charges were eventually dismissed (*id.* at 17). Although Plaintiff listed "discrimination" as the federal basis for this claim, he also seeks damages for "false arrest" and "pain and suffering." (*Id.*).

But as these claims are not expressly stated in the complaint, Defendants did not move to dismiss them. The Court will not address the sufficiency of the allegations on these potential claims at this time. If Plaintiff chooses to file an amended complaint, he shall specify whether he intends to pursue state-law claims for assault and battery, false arrest, and malicious prosecution, and if so the basis for any such state-law claims.

**3. Leave to Replead**

"Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (citation modified). "If a liberal reading of the complaint 'gives any indication that a valid claim might be stated,' the court must grant leave to amend the complaint." *Thomas v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d 314, 329 (E.D.N.Y. 2013) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). The Court therefore grants Plaintiff leave to file an amended complaint. As noted, an

amended complaint should specify whether Plaintiff intends to pursue state-law claims for assault and battery, false arrest, and malicious prosecution in addition to his discrimination claim.

Plaintiff may file an amended complaint within forty-five (45) days of the date of this Decision and Order in an attempt to cure the deficiencies identified herein. Plaintiff is cautioned that any amendment must comply with this Decision and Order, and if he attempts to plead dismissed claims he must plausibly allege facts in accordance with the principles set forth herein. Plaintiff is further advised that an amended complaint is intended to completely replace the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). Therefore, Plaintiff's amended complaint must include all of the allegations against Defendants so that the amended complaint may stand alone as the sole complaint in this action which Defendants must answer. If Plaintiff does not file an amended complaint, this action will be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 4) for untimely service is denied, but it is granted for failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff may file an amended complaint **within forty-five (45) days** of the date of this Decision and Order in an attempt to cure the pleading deficiencies identified herein. Plaintiff is advised that an amended complaint will

completely replace the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). Therefore, Plaintiff's amended complaint must include all of the allegations against Defendants so that the amended complaint may stand alone as the sole complaint in this action which Defendants must answer. If Plaintiff fails to file an amended complaint in accordance with this Decision and Order, any discrimination claim pursuant to 42 U.S.C. § 1981 shall be dismissed with prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 21, 2026
Rochester, New York